RUMSEY, J.
—The action was brought to redeem certain premises from the lien of a mortgage. It appears that in 1852 *494 one Weeks was the owner or the premises which are the subject of the action, and that he sold them to Stewart, who gave him in return a purchase money mortgage. . No interest, having been paid upon the mortgage, in 1869 Weeks commenced an action to foreclose it, making Stewart alone a defendant. The service of the summons was made by publication, upon an order granted by the county judge of Westchester county, in which county at that time the premises were situated. It is claimed by the plaintiff that this order was wholly void, and that the court acquired no jurisdiction of Stewart by service by publication under it. ' It is unnecessary to examine particularly th.e grounds of the claim, as it is conceded by both parties, and there is no doubt, that the affidavit upon which the order to publish was made did not give the county judge jurisdiction, and for that reason the proceedings as against Stewart were entirely void. The judgment, therefore, was entirely without force so far as he was concerned, and the purchase by Weeks, who bought in the premisee upon the foreclosure sale, and took a deed from the sheriff, affected no change 'in the relation between himself and Stewart. So .far as they were concerned, Stewart was still the mortgagor, and Weeks was still the mortgagee, and their rights and liabilities were precisely the same as though no action had been brought and no judgment of foreclosure had been entered. Weeks did not take possession of the -premises, but the matter stood in precisely the same situation as it had been after the foreclosure sale until the year 1871, at which time Weeks made conveyance of the premises to one Delaney. That deed operated, under the statute, to pass to Delaney only the interest which Weeks had in the premises at the time the deed was made, and no more, 1 Rev. St. p. 739, § 143. The effect of the transfer to Delaney -was to make him simply the assignee of the mortgagee. Townshend v. Thomson, 139 N. Y. 152,161 ; 54 St. Rep. 665. Delaney did not take possession, but in August, 1874, he conveyed to Barnecott the northerly half of the northerly half of the property. Barnecott conveyed to the defendant Gonness the same ■ portion of the premises. Later Delaney conveyed to the defendant Dally the southerly half of the northerly half of the premises. This conveyance was made in 1884. Barnecott took possession of the premises conveyed to him on the 6th day of August, 1874;- and Dally took possession of his portion of the premises shortly after the execution of his deed, in 1884. Dally and Gonness took from their grantors only the.interest which the grantors had to give, and they became, therefore, assignees of the mortgage so far as Delaney was an assignee of it from Weeks. After they had taken possession of the premises under the conveyances from Delaney, they stood, with relation to the original mortgagor, in the attitude of mortgagees in possession. Townshend v. Thomson, supra.
The plaintiff claims to have taken title to the whole of the premises by mesne conveyances from Stewart. These conveyances it is unnecessary to recapitulate, as it is not disputed ■ that, if they conveyed anything, they conveyed the interest which *495 Stewart had. Stewart’s equity of redemption never having been foreclosed, he still owned it; and the deeds to the plaintiff conveyed the equity of redemption, and vested her with the title to the property, precisely as Stewart had it. If the deeds under which the plaintiff claims were valid, which will be considered later, she undoubtedly, as the owner of the equity of redemption, had the right to redeem from the mortgage, unless that right has been barred by the statute of limitations. As against that right the statute of limitations does not begin to run until the mortgagee "has entered into possession and the action is not barred until the mortgagee or those claiming under him have continuously maintained an adverse possession of the mortgaged premises for twenty years after a breach of the condition of the mortgage. Code Civ. Proc. § 379.
This action was begun, as it appears, on the 7th day of April, 1894. The first question presented is whether the action was barred by the statute of limitations. The facts bearing upon that question are chiefly made to appear by tne evidence of the defendants, and they are not at all in dispute. It seems that Weeks, who was the original owner of the farm from which this lot of land was carved, laid it out into lots in 1852, and that, after it was laid out, it lay open and vacant and unoccupied for many years. So far as appears, Stewart did not take possession of it under his deed, nor occupy it. Neither did Weeks do so after he had obtained the sheriff’s deed upon the foreclosure. Delaney, who took the title to the premises from Weeks, testified that, at the time he took it, the premises were vacant and unimproved, and continued to be so up to the time of the conveyances by him to Barnecott, on August; 6, 1874. Barnecott testified that he examined the property before lie bought it; that there were no fences upon it; that it was entirely vacant and unimproved and wild, and had not been cultivated in a number of years, that he took his deed on August 6, 1874; and that immediately afterwards he commenced the erection of a dwelling upon the lot conveyed by it This evidence was given by the witnesses sworn on behalf of the defendants. The witnesses sworn on behalf of the plaintiff testified substantially that from 1852 down to 1874 the premises stood open and vacant; that no crops w.ere grown upon it; that it was not fenced; and that it was entirely unoccupied. It is quite clear from this testimony that there was no adverse possession of these premises by virtue of which the statute of limitations could run against the right to redeem before August 6, 1874. The .law says that, for the purpose of constituting adverse possession by a person claiming a title founded upon a written instrument (which is this case), land is deemed to have been possessed and occupied where it has been usually cultivated or improved, or where it has been protected by'a substantial inclosure. Code Civ. Proc. § 370. Neither of these conditions existed in this case, and for that reason the claim that the cause of action is barred by the statute of limitations is not well founded.
But the defendant insist that, even if the action is not barred by the statute, the deeds under which the plaintiff claims were *496 void under the champerty act, and for that reason she acquired no title to the equity of redemption, and cannot maintain this suit. The law under which this claim is made is found in the Revised Statutes. It was passed originally to provide against a state of affairs which does not exist in these times, and for that reason it is not often invoked. It provided that every grant of land shall be absolutely void if, at the time of the delivery thereof, such lands shall be in the actual possession of the person claiming under a title adverse to that of the grantor. 1 Rev. St. p. 739, § 147. The wording of the statute is significant, and it must not be confused with the statute which prescribes what shall constitute an adverse possession to set the statute of limitations running. The possession which is sufficient under the statute of limitations is possession under a claim of title. When that claim is set up, it is not necessary that the pleader should show that he is is under any specific title; but it is. sufficient if he proves that he claims to hold the premises adversely to the right that he is contesting. The material matter where the statute of limitations is in question is the possession, and whether that possession has been taken under a claim right hostile to the adverse party, without regard to what the particular claim is. The important matter, however, under the champerty act, is the title, and not the particular possession. To avoid a deed, the claim under the champerty act must be under a title. Hothing can satisfy the language of that act but the existence of some specific title under which the party claims. That title must be disclosed, so that the court may see that it is adverse to the title of the grantor in the deed which is assailed; and unless that fact is made to appear, the deed is valid. Crary v. Goodman, 22 N. Y. 170; Dawley v. Brown, 79 id. 390 ; Smith v. Faulkner, 48 Hun, 186; 15 St. Rep. 637. In the case at bar, both parties claim under the title of Stewart; Weeks and his grantees claiming to have derived it by foreclosure of the mortgage which Stewart gave, and the plaintiff and her grantees claiming the title by virtue of mesne conveyances from,Stewart of the equity of redemption. These titles are not therefore hostile the .one to the other, within meaning of this act. Bach goes back to a common grant-tor, and seeks to establish its validity by showing a descent from him in right line. For this reason it cannot be said that the plaintiff’s deed is void, but she acquired by her conveyance an equity of redemption and the same right to redeem the premises from this mortgage which Stewart had. The judgment, therefore, must be reversed.
We are asked to enter judgment for the plaintiff, pursuant to section 1022 of the Code of Civil Procedure. While the power of the court to do this in a proper case cannot be denied, this, as we think, is not one of the oases. It appears that the defendants are in possession, claiming to own the northerly half of these premises. To that half the plaintiff has'still her title, but she has disposed of the title to the southerly half, which is owned by her grantee. To enable her to redeem, she must pay the whole mortgage debt. Jones, Mortg. § 1072. She is entitled to an ac *497 count of the rente and profits, and she must be charged with, the expenses necessarily incurred by the- owners of the premises, by way of taxes and such other expenses as were necessary to protect the premises. Just how far these rents and profits shall be applied upon the mortgage, to what extent the necessary expenses shall be charge against them, and how far those expenses must be apportioned between the different owners of the property, are things which probably must be considered .by the court before an interlocutory judgment is entered in this action. The facts necessary to pass upon those questions have not been presented here, and . have riot been argued before us. For that reason we deem it advisable simply to reverse this judgment, and send the case back for a new trial, where there can be presented to the court all the facts necessary to enable it to lay down the principles upon which an account should be taken, if, upon the evidences presented upon that trial, it shall appear that the plaintiff is entitled to the relief demanded in the complaint.
Judgment reversed.
blew trial ordered, with costs to the appellant-to abide the event.
All concur,